CONSUMERS FINANCE CO., PLAINTIFF-APPELLANT, v. ROBERT F. KYLISH, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 19, 1972—Decided January 15, 1973.

Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.

*Messrs. Young & Young* for plaintiff-appellant.

*Mr. Robert F. Kylish pro se.*

PER CURIAM. Plaintiff Consumers Finance Company sued for the balance due on a note dated June 9, 1970 in the sum of $1,000. The note was the last of a series of renewal notes given to secure a loan originally negotiated on June 10, 1968. At the time the June 1970 note was executed a previous note, on which a balance of $902 was owing, was cancelled and defendant received $85 in cash.

At the time of the renewal defendant filled out and submitted an application which required a listing of his currently outstanding debts. He represented in his application that his debts consisted of the balance due plaintiff, and two additional obligations totalling $860, a total of $1,762. He specifically wrote, "I owe no other debts." However, on December 2, 1970 defendant filed a petition in bankruptcy listing 19 unsecured creditors to whom a total of $11,754.98 was owing. He had been indebted to 13 of these creditors in an amount exceeding $9,200 on the date of his application.

At the trial defendant pleaded his discharge in bankruptcy as a defense. Plaintiff countered that defendant's liability to it was incurred by means of the materially false statement referred to, hence the debt was not affected by the discharge in bankruptcy. 11 *U. S. C. A.* § 35(a)(2).[1] The trial judge, sitting without a jury, held that the debt was not discharged but limited plaintiff's recovery to the sum of $85, the additional money, over and above the balance due on the old note, which defendant received at the time of the renewal. Plaintiff's appeal followed.

We hold that plaintiff was entitled to judgment for the full amount of the balance due on the note, with interest. The facts here closely resemble those in *Personal Finance Co. of Paterson v. Snyder,* 131 *N. J. L.* 597 (Sup. Ct. 1944),

---

[1]Defendant's petition in bankruptcy was filed prior to the effective date of the 1970 amendment (*Pub. L.* 91–467, § 5–7, 84 *Stat.* 992) to 11 *U. S. C. A.* § 35.

which we hold to be controlling. In that case plaintiff, which held defendant's note on which a balance of $254.65 was owing, accepted a renewal in the amount of $300 on the basis of a statement of debts which proved to be false, and was permitted to recover the entire balance due on the note rather than the sum of $45.35, the difference between the balance due on the original note and the amount of the renewal. See also *Personal Finance Co. of N. J. v. Bruns*, 16 *N. J. Super.* 133, 135–136 (App. Div. 1951); *Beneficial Finance Co. v. Norton*, 76 *N. J. Super.* 577, 584 (App. Div. 1962).

Reversed and remanded for the entry of judgment for plaintiff in conformity with this opinion.